**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DIANE LENORE GRIFFITH,

Defendant-Appellant.

No. 06-6295

(W.D. Oklahoma)

(D.C. Nos. 06-CV-424-R and
02-CR-92-R)

**ORDER**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

This matter is before the court on Diane Lenore Griffith's *pro se* request for a certificate of appealability ("COA"). Griffith, a federal prisoner, seeks a COA so she can appeal the district court's denial of her 28 U.S.C. § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). Because Griffith has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** her request for a COA and **dismisses** this appeal.

Following a jury trial, Griffith was found guilty of conspiracy and wire fraud. *United States v. Dazey*, 403 F.3d 1147, 1159 (10th Cir. 2005). This court affirmed Griffith's convictions on direct appeal. *Id.* at 1179. Griffith then filed the instant § 2255 motion, asserting her convictions were void *ab initio* because the district court lacked jurisdiction to try her and her trial did not comport with

the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*.  The district court denied Griffith's § 2255 motion, concluding as follows: (1) it had jurisdiction to try the charges against  Griffith pursuant to 18 U.S.C. § 3231; (2) Griffith's jurisdictional challenge was, in essence, a disguised challenge to the sufficiency of the evidence supporting her convictions, challenges already rejected by this court on direct appeal; (3) Griffith was procedurally barred from raising a claim under the Speedy Trial Act because she had failed to raise such a claim on direct appeal.

The granting of a COA is a jurisdictional prerequisite to Griffith's appeal from the denial of her § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To be entitled to a COA, Griffith must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the requisite showing, she must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted).  In evaluating whether Griffith has satisfied her burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of her claims. *Id.* at 338.  Although Griffith need not demonstrate her appeal will succeed to be entitled to a COA, she must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Griffith's voluminous appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Griffith is not entitled to a COA. The district court's resolution of Griffith's § 2255 motion is not reasonably subject to debate and the issues she seeks to raise on appeal are not adequate to deserve further proceedings. Griffith's claims regarding the jurisdiction of the district court to try the charges against her are, to say the very least, fanciful and frivolous. Accordingly, this court **DENIES** Griffith's request for a COA and **DISMISSES** this appeal. Griffith's motion to proceed on appeal *in forma pauperis*; "Motion to disqualify the entire 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 11th, and District of Columbia Circuits for Cause: racketeering"; and Motion for Release on Bond Pending Appeal are likewise **DENIED**.

<div style="margin-left: 50%;">

Entered for the Court
Elisabeth A. Shumaker, Clerk


By:
    Deputy Clerk

</div>